IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATES DIVISION
CIVIL ACTION NO. 5:15-CV-00148-RLV-DSC

| | |
|---|---|
| **CALVIN TAUSS**, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>**GEORGE JEVREMOVIC** )<br>)<br>)<br>**Defendant.** )<br>) | **ORDER** |

**BEFORE THE COURT** is Plaintiff Calvin A. Tauss's "Motion for Preliminary Injunction. (Doc.3). Also before the Court is Defendant George Jevremovic's "Motion to Dismiss." (Doc. 7).

In reviewing the Complaint and Tauss' related filings, this Court is mindful that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted).

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Calvin A. Tauss filed this action in this court after his previous action was dismissed by Judge Klass in the General Court of Justice, Iredell County Superior Court Division. Plaintiff's action, however, will be transferred for the same reasons it was dismissed by Judge Klass.

Plaintiff, a resident of Statesville, North Carolina, is a proprietor of a collection of antiques, collected over the span of fifty years. (Doc. 1, at 1). In May of 2014, Plaintiff began to search for a qualified auction house to sell his antique collection, consisting mainly of Asian

1

artifacts. (Doc. 1-3, at 3). Defendant Jevremovic, a resident of Philadelphia, Pennsylvania, contacted Plaintiff and made an offer to sell Plaintiff's collection through a catalogue, which Plaintiff accepted. (Doc. 1-3, at 1-2).

In September of 2014, Plaintiff signed a written contract which contains a choice of law provision along with a forum selection clause. (Doc. 1-3, at 5). Plaintiff alleges that Defendant committed various misdeeds conducting the auction. (Doc. 1, *passim*).

Plaintiff originally brought this case in Statesville Superior Court of North Carolina. (Doc 1, at ¶ 1). However, Defendant's affidavit and the evidence presented indicated that the consignment agreement included a provision stating, "[t]his agreement is governed by laws of the state of Pennsylvania and both parties agree that any dispute arising out of the terms and conditions of this agreement will be brought before a court of competent jurisdiction within the state of Pennsylvania. (Doc. 1-2, at 1,3) (Def. Aff.). Accordingly, the court granted Defendant's 12(b)(3) motion to dismiss for improper venue.

Plaintiff now attempts to proceed in this court by contending that this breach of contract action violates a federal criminal statute. Despite this attempt to re-characterize his claims as violations of criminal statutes, Plaintiff has still only alleged a breach of contract. Plaintiff's filings attempt to raise criminal matters such as wire/mail fraud. The cited statutes do not grant Plaintiff a private right of action. *Sutton v. Capstone Bank*, No. 5:13-CV-00461-FL, 2013 WL 5937450, at *4 (E.D.N.C. Nov. 4, 2013). Moreover, the allegations are inadequate to raise a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. *See US Airline Pilot Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (RICO "is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity.") (quoting *Gamboa v. Velez*, 857 F.3d 703, 705 (7th Cir. 2006)).

"To state a civil RICO claim, a plaintiff must allege that the defendants engaged in, or conspired to engage in, a "*pattern* of racketeering activity." *Id.* (quoting 18 U.S.C. § 1962). To show the requisite pattern, a Plaintiff must plead "at least two acts of racketeering activity." *Id.* (quoting 18 U.S.C. § 1961(5)). "[T]he plaintiff must show 'continuity plus relationship,' i.e., that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *Id.* (quoting *H.J. Inc. v. Northwestern Bell Tele. Co.*, 492 U.S. 229, 239 (1989)). Continuity may be either closed-ended or open-ended. *Id.* Plaintiff complaint fails to raise a RICO claim because he does not sufficiently allege a pattern of racketeering activity[1] and fails to adequately allege continuity.

II. THE FORUM SELECTION CLAUSE ALLOWS TRANSFER AND DOES NOT REQUIRE DISMISSAL

Defendant asks for dismissal; however, transfer is warranted.

This is not the first time this Court has been presented with a motion under Rule 12(b)(3) that is appropriately characterized as a motion to transfer. *See Greer Labs., Inc. v. Lincoln Diagnostics, Inc.,* No. 5:15-CV-72, 2015 WL 9094844, at *1 (W.D.N.C. Dec. 16, 2015). "**Whether venue is improper 'depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws.'**" *Id.* (quoting *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). In fact, Defendant's motion appears to recognize that transfer is the appropriate action in this case. *See* (Doc. 7, at ¶ 9) (forum selection clauses are enforced under 28 U.S.C. § 1404).

Defendant urges this Court to find that the doctrine of forum *non conveniens* applies because, in its view, the language of the forum selection clause only allows actions to proceed in

---

[1] *See United States v. Wynn*, 684 F.3d 473, 477–78 (4th Cir. 2012) (elements of wire and mail fraud).

3

Pennsylvania state courts. However, this interpretation is at odds with the plain language of the forum selection clause.

The forum selection clause states that disputes concerning the agreement must be brought "before a court of competent jurisdiction within the state of Pennsylvania." Dismissal is only warranted if the forum selection clause requires that cases be brought in state court because this court cannot transfer this matter to a state court in Pennsylvania.

To determine this issue, the court must ascertain whether a language restriction is expressed in terms of sovereignty or geography. *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010); *Composite Fabrics of Am., LLC v. Edge Structural Composites, Inc.*, No. 5:15-CV-122, 2015 WL 7076383, at *1 (W.D.N.C. Nov. 12, 2015) (Voorhees, J.); *Nahigian v. Juno-Loudon, LLC*, 661 F. Supp. 2d 563, 567 (E.D. Va. 2009).

Typically, a clause only allowing claims to be brought in courts "of a State" denotes sovereignty because federal courts are not courts of any State, meaning only state courts would have the capacity to exercise jurisdiction. *FindWhere*, 626 F.3d at 755; *Composite Fabrics*, 2015 WL 7076383 at *2. However, the phrase "in a state" implies a geographic restriction, and forum selection clauses that "impose[] a geographic restriction still permit[] litigation in the federal and state courts within that geographic area." *Nahigian*, 661 F. Supp. 2d at 567. The phrase "within a state" is a geographic restriction as exemplified by unpublished, but persuasive Fourth Circuit precedent.

For example, in *Ferri Contracting Co. v. Masontown*, No. 03-1303, 2003 WL 22244905, at *1 (4th Cir. Sept. 29, 2003) (per curiam) a district court held that a forum selection clause requiring claims to be brought "within a state" was ambiguous and found that as a result of the ambiguity, the "clause was intended to limit any litigation with respect to the contract to the state

4

courts of West Virginia." *Id.* However, on appeal, the Fourth Circuit held that the district court erred in deeming the language of the forum selection clause ambiguous. *Id.* at *2. The court reasoned that a forum-selection clause requiring lawsuits to be brought "within the state of West Virginia" was not ambiguous and was "plainly geographic," meaning that the language of this clause allowed the parties to file actions on the contract in either a state or a federal court. *Id.*

Accordingly, the forum-selection clause in this case is geographic, meaning that this Court may transfer the action.

III. TRANSFER IS WARRANTED

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine*, 134 S. Ct. at 581. The presence of a forum selection clause changes the § 1404(a) calculus in three ways (1) a plaintiff is afforded no "venue privilege" and "must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed; (2) private interest factors are deemed "to weigh entirely in favor of the preselected forum[,]" thus the Court "may consider arguments about-public interest factors only[;]" and (3) the "court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right." *Id.* at 581-83. This change in the § 1404(a) analysis derives from the notion that the interests of justice is served by holding the parties to their original agreement. *Id.*

Public-interest factors include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n. 6.

5

As public-interest factors "rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 582. Additionally, a violation of one of the factors does not necessarily render the forum selection clause unenforceable, meaning that even states with anti-forum selection clause statutes may hold these provisions valid. Plaintiff does not argue that the public interest factors compel a finding that transfer is unwarranted, aside from mention of North Carolina Statute § 22B-3. (Doc. 8).

Regarding the congestion factor, the Eastern District of Pennsylvania has a median time of 5.2 months from filing to disposition for civil cases for the twelve month period ending December 31, 2015. The Western District of North Carolina has a median time of 8.8 months during the same period. This factor weighs in favor of transfer.

Regarding the second factor, Plaintiff cites North Carolina General Statute 22B-3 as a basis for denying the motion to transfer. North Carolina General Statute § 22B-3 states "any provision in a contract entered into in North Carolina that requires the prosecution of any action . . . that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable." Courts within North Carolina have enforced forum selection clauses notwithstanding this statute. *WW Healthcare Consultants, LLC v. Lintech, LLC*, No. 5:13-CV-00142-RLV, 2014 WL 3547373, at *3 (W.D.N.C. July 17, 2014) (Voorhees, J); *Air Kiribati Ltd. v. CAAMS, LLC*, No. 1:14CV300, 2015 WL 5714529, at *4 (W.D.N.C. May 19, 2015) (Howell, Mag. J.) ("Federal Courts in North Carolina routinely enforce forum selection clauses despite the existence of Section 22B-3."), *rep.& rec. adopted, in part* No. 1:14-CV-300-MR-DLH, 2015 WL 5714534 (W.D.N.C. Sept. 29, 2015) (Reidinger, J.); *Gita Sports Ltd. v. SG Sensortechnik GMBH and Co. KG*, 560 F.Supp.2d. 432, 434 (E.D.N.C. 2008). The Fourth

Circuit has held similarly in a case involving an analogous South Carolina statute. *See Albemarle Corp. v. Astrazeneca UK Limited*, 628 F.3d 643, 645 (4th Cir. 2010).

Analysis of the third factor shows that transfer is warranted. The contract has a Pennsylvania choice of law provision. A federal court sitting in Pennsylvania has experience interpreting Pennsylvania law. Accordingly, this factor weighs in favor of transfer.

The balance of the public-interest factors weigh in favor of transfer. Accordingly, this Court will transfer the action to the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106.

**IT IS, THEREFORE, ORDERED THAT t**his matter is transferred to the United States District Court, Eastern District of Pennsylvania.

**SO ORDERED.**

Signed: August 12, 2016

Richard L. Voorhees
United States District Judge